**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRUSTEES OF THE BRICKLAYERS PENSION TRUST FUND – METROPOLITAN AREA; BRICKLAYERS & TROWEL TRADES INTERNATIONAL RETIREMENT SAVINGS PLAN; BRICKLAYERS HOLIDAY TRUST FUND – METROPOLITAN AREA; TROWEL TRADES HEALTH AND WELFARE FUND – DETROIT AND VICINITY; BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND; DETROIT METROPOLITAN MASONRY JOINT APPRENTICESHIP AND TRAINING COMMITTEE; BRICKLAYERS INTERNATIONAL MASONRY INSTITUTE; and LABOR-MANAGEMENT COOPERATION COMMITTEE,

       Plaintiffs,

vs.

RON GUY MASONRY, L.L.C., a Michigan corporation; RONALD J. GUY, an individual, jointly and severally, PAMELA J. GUY, an individual, jointly and severally,

       Defendants.

Case No.: 16-13010
Hon.

---

NOVARA TESIJA, P.L.L.C.
Kathryne A. Tracey (P79445)
Attorneys for Plaintiffs
2000 Town Center, Suite 2370
Southfield, MI 48075
(248) 354-0380
kat@novaratesija.com

---

## **COMPLAINT**

  **NOW COME** the Plaintiffs, by their attorneys, Novara Tesija, P.L.L.C., and as and for a cause of action against the Defendants, allege and show to the Court as follows:

1

1.      Plaintiffs, the Trustees of the Bricklayers Pension Trust Fund – Metropolitan Area; Bricklayers and Trowel Trades International Retirement Savings Plan; Bricklayers Holiday Trust Fund – Metropolitan Area; Trowel Trades Health and Welfare Fund – Detroit & Vicinity; Bricklayers and Trowel Trades International Pension Fund; Detroit Metropolitan Masonry Joint Apprenticeship and Training Committee; Bricklayers International Masonry Institute; and the Labor-Management Cooperation Committee (hereinafter collectively the "Funds"), are each jointly trusteed funds in the building and construction industry, which were established pursuant to section 101 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186, and sections 302 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145.  The Trustees bring this action on behalf of themselves, the Funds, and the Funds' participants.

2.      The Bricklayers and Allied Craftworkers Local Union No. 2 of Michigan (hereinafter the "Union" or "Local 2") is a labor organization, as defined in the LMRA and in section 451 of the National Labor Relations Act, 29 U.S.C. § 152 (5), with its principal place of business located at 21031 Ryan Road, Warren, MI  48091.  Local 2 was formerly known as Local 1; however, it has since been merged into a statewide local known as Local 2.

3.      Upon information and belief, Defendant Ron Guy Masonry, L.L.C. ("Ron Guy Masonry") is a Michigan corporation with its registered address and principal place of business located at 4266 Rauch Road, Petersburg, MI  49270.

4.      Upon information and belief, Defendant Ronald J. Guy is an individual doing business at 4266 Rauch Road, Petersburg, MI  49270, and is an officer, owner, or director of Ron Guy Masonry.

5.     Upon information and belief, Defendant Pamela J. Guy is an individual doing business at 4266 Rauch Road, Petersburg, MI 49270, and is an officer, owner, or director of Ron Guy Masonry.

6.     Jurisdiction of this Court is founded on section 301(a) of the LMRA, as amended, 29 U.S.C. § 185(a), and sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, as amended, by the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA"), and federal common law.  This Court also has pendent jurisdiction of any state-law claims ancillary to the relief sought herein.

7.     Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Plaintiff Funds are administered in Oakland County, Michigan.

8.     Section 502 of ERISA provides a federal forum for enforcement of the various duties imposed by ERISA, including, but not limited to, allowance of a lawsuit to enjoin any act that violates ERISA or to obtain other appropriate legal and equitable relief.

## FACTUAL ALLEGATIONS

9.     For all times relevant, since at least May 8, 2013, Ron Guy Masonry has been and remains signatory to the Labor-Management Cooperation Committee ("LMCC") Independent Collective Bargaining Agreement ("CBA") with the Union. **(See Exhibit 1, B.A.C. Local No. 1 LMCC ~ Independent Contract signatory pages, contract extension, and wage scale sheet)[1] (Exhibit 2, Agreement between B.A.C. Local No. 1 and LMCC)**

10.    By signing the CBA between the Union and LMCC, to which the Funds are third-party beneficiaries, Ron Guy Masonry agreed to make timely employee fringe benefit contributions to the Funds for each employee covered by the CBA ("Employees") and to be bound by the terms

---

[1] BAC Local 1 has been merged into BAC Local 2, along with Local 9; however, they maintain independent fringe benefit funds with separate collective bargaining agreements.

and conditions set forth in the Funds' Trust Agreements ("Trust Agreements"). **(Exhibit 3, Trust Agreements).**

11. Upon information and belief, Defendants Ronald and Pamela Guy are husband and wife and work together on the business operations of Ron Guy Masonry in the bricklaying and masonry industry.

12. Upon information and belief, Ronald Guy maintains primary control of Ron Guy Masonry, under the title of company president. Pamela Guy serves as the resident agent and vice president.

## COUNT I
## ERISA: VIOLATION OF 29 U.S.C. §§ 1132 and 1145
## VIOLATION OF COLLECTIVE BARGAINING AGREEMENTS

13. Plaintiffs hereby reallege and incorporate by reference each allegation contained in Paragraphs 1 through 12 of the Complaint as fully set forth herein.

14. Pursuant to the CBA between Ron Guy Masonry and the Union, Ron Guy Masonry is required and agreed to make timely fringe benefit contributions to the Funds, to submit their pertinent books and records for periodic audits by the Funds in order to verify accuracy of said contributions, and to be bound by the terms and conditions of the Trust Agreements. **(Exhibit 2, Article V).** Copies of the signature pages are in the hands of the Employer, and are attached hereto. **(Exhibit 1).**

15. The CBA signed by Ronald Guy on behalf of Ron Guy Masonry contained an evergreen clause, which binds the Defendant company to all future iterations of the CBA. **(Exhibit 1, pg. 5, Exhibit 2, Article XIX).** Ron Guy Masonry has made no action to revoke or terminate, and therefore continues to be bound to the current terms and conditions of the CBA.

16. The Funds are third-party beneficiaries of the parties' CBA.

17.     Section 515 of ERISA, 29 U.S.C. § 1145, provides that "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

18.     The Funds have been damaged in the amount of $41,171.01, as found by an audit dated April 17, 2015 (the "Audit"), of which the full balance of $41,171.01 is still outstanding. **(Exhibit 4, Audit)**.

19.     As the Funds are informed and believe, Ron Guy Masonry has violated both its contractual and statutory obligations by failing to make all of the fringe benefit contributions and assessments due on behalf of each Employee covered by the Local 2 CBA and, as incorporated in same, the relevant Trust Agreements.

20.     As a result of Ron Guy Masonry's violations of its contractual and statutory obligations, Defendants have violated ERISA, the Local 2 CBA, and the relevant Trust Agreements, and Plaintiffs are entitled to all remedies under ERISA, including, but not limited to, payment of fringe benefit contributions owed, audit assessments, liquidated damages, attorneys' fees and costs.

21.     As the directors, shareholders and persons with discretionary control over Ron Guy Masonry's day-to-day operations, Pamela Guy and Ronald Guy are responsible for Ron Guy Masonry's compliance with its contractual and statutory obligations to the Plaintiffs, for ensuring the company is properly capitalized, following business formalities, and ensuring its fringe benefit contributions are paid.

22. In operating Ron Guy Masonry, Defendants Pamela Guy and Ronald Guy have, among other things, (a) failed to follow business formalities, (b) failed to adequately capitalize the businesses which has caused a failure to remit contributions to Plaintiffs, and (c) committed fraud by taking monies from the business while failing to make fringe benefit contributions to Plaintiffs.

23. As a result of these failures, Defendants Pamela Guy and Ronald Guy have, fraudulently and with requisite intent, and with personal knowledge of Ron Guy Masonry's undercapitalization, avoided paying required benefit contributions to Plaintiff Funds and engaged in misconduct which includes, but is not limited to, converting money paid to them for the purpose of paying benefit contributions to Plaintiff Funds and retaining monies required to be paid for the benefit of its Employees for their own personal use and/or use by Ron Guy Masonry.

24. Because of Defendants actions and/or inactions cited within this Complaint, Plaintiffs have suffered significant financial losses for additional unaudited time periods for which Ron Guy Masonry has not submitted to audit.

**WHEREFORE,** Plaintiffs respectfully request that the Honorable Court grant the following relief:

    a. Order that Ron Guy Masonry submit its books and records to Plaintiffs for an updated audit through the present;

    b. Enter a judgment in the Plaintiffs' favor against Ron Guy Masonry, L.L.C., Ronald J. Guy, and Pamela J. Guy, jointly and severally, for an amount not less than $41,171.01, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due the Funds during the pendency of this action;

    c. Enter a judgment in the Plaintiffs' favor against Ron Guy Masonry, L.L.C., Ronald J. Guy, and Pamela J. Guy for unpaid fringe benefit contributions in an amount to be determined by an updated audit through the present, and for

        amounts owed on any job within the jurisdiction of the Funds, together with any liquidated damages thereon, any accumulated interest, actual attorney fees, court costs, audit, and other collection costs;

    d.    That jurisdiction of this matter be retained, pending compliance with the Court's orders; and

    e.    Any such other, further or different relief as may be just and equitable under the circumstances.

## COUNT II
## VIOLATION OF MICHIGAN BUILDING CONTRACT FUND ACT

25. Plaintiffs hereby reallege and incorporate by reference each allegation contained in Paragraphs 1 through 24 of the Complaint as fully set forth herein.

26. Ron Guy Masonry is a subcontractor engaged in the building and construction industry.

27. Participants of the Funds were employed by Ron Guy Masonry to perform work on various construction projects in the State of Michigan and covered under the Local 2 CBA.

28. Upon information and belief, Ron Guy Masonry was paid for labor and materials provided on various construction projects in the State of Michigan and covered under the Local 2 CBA.

29. Ron Guy Masonry has failed to pay all of the fringe benefit contributions owed the Funds and their participants on said projects, and has instead used those funds for other purposes, including but not limited to, paying other creditors.

30. The Michigan Building Contract Fund Act (the "Act"), MCLR 570.151 et seq., imposes a trust on funds paid to a building contractor with subcontractors and material men as beneficiaries of said trust.

31.     Under the Act, Ron Guy Masonry and individual Defendants Pamela Guy and Ronald Guy are fiduciaries and trustees for the Funds' participants, who are the beneficiaries of all monies paid to the Employer on said projects.

32.     The Defendants have failed to pay over to the Funds the monies held in trust and covered by the Act, which are due the Plaintiffs.

**WHEREFORE,** Plaintiffs respectfully request that the Honorable Court grant the following relief:

a. Order that Ron Guy Masonry submit its books and records to Plaintiffs for an updated audit through the present;

b. Enter a judgment in the Plaintiffs' favor against Ron Guy Masonry, L.L.C., Ronald J. Guy, and Pamela J. Guy, jointly and severally, for an amount not less than $41,171.01, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due the Funds during the pendency of this action;

c. Enter a judgment in the Plaintiffs' favor against Ron Guy Masonry, L.L.C., Ronald J. Guy, and Pamela J. Guy for unpaid fringe benefit contributions in an amount to be determined by an updated audit through the present, and for amounts owed on any job within the jurisdiction of the Funds, together with any liquidated damages thereon, any accumulated interest, actual attorney fees, court costs, audit, and other collection costs;

d. That jurisdiction of this matter be retained, pending compliance with the Court's orders; and

e. Any such other, further or different relief as may be just and equitable under the circumstances.

## COUNT III
## BREACH OF FIDUCIARY DUTIES

33.     Plaintiffs hereby reallege and incorporate by reference each allegation contained in Paragraphs 1 through 32 of the Complaint as fully set forth herein.

34.     Participants of the Funds were employed by Ron Guy Masonry to perform work and provide labor on various construction projects in the State of Michigan.

35. The construction projects were within the Union's jurisdiction pursuant to the CBA executed by the parties.

36. The participants of the Funds provided labor and services, on behalf of Ron Guy Masonry, pursuant to the CBA and thus were entitled to fringe benefit contributions in connection with and in furtherance of their employment and labor on these projects.

37. Ron Guy Masonry was obligated to pay fringe benefit contributions to the Funds for these participants on projects covered by the CBA.

38. The outstanding accrued fringe benefit contributions were payable to the Funds the moment they became due, as provided for in the Trust Agreements for the Funds which are incorporated into the CBA, (**Exhibits 2 and 3**) and within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

39. Ron Guy Masonry received monies on said projects, but failed to pay all of the fringe benefit contributions owed the Funds on these projects when due.

40. ERISA provides that a person is a fiduciary with respect to the Funds to the extent that the person exercises any discretionary authority or control with the respect to the disposition of plan assets. (ERISA § 3(21)(A); 29 U.S.C. § 1002(21)(A)).

41. Owners and/or officers of Ron Guy Masonry are considered fiduciaries of the Funds based upon their conduct and authority, including, but not limited to, the personal exercise of discretionary authority and control over the Funds' assets.

42. Pursuant to 29 U.S.C. § 1145, the CBA, and the Plaintiffs' Trust Agreements, the accrued fringe benefit contributions and monies in Ron Guy Masonry's possession, custody and/or control from these projects were to be held in trust by Defendants in their capacity as fiduciaries until paid to the Plaintiffs.

43. The individual Defendant Ronald Guy, as director, shareholder, and person with discretionary control over Ron Guy Masonry, personally exercised authority and control over Ron Guy Masonry's unpaid fringe benefit contributions, which constitute assets of the Funds.

44. The individual Defendant Ronald Guy is a plan fiduciary based upon his conduct and exercise of authority and control over the Funds' assets, within the meaning of ERISA § 3(21)(A); 29 U.S.C. § 1002(21)(A).

45. By directing that Ron Guy Masonry assets, which were owed to the Funds, be paid to other creditors instead of being deposited with the ERISA fringe benefits, Ronald Guy failed to discharge his fiduciary duties with respect to the plan by failing to act solely in the interest of the participants and beneficiaries as required by ERISA § 404(a)(1); 29 U.S.C. § 1104(a)(1).

46. Ronald Guy, through Ron Guy Masonry's signatory status with the Union, knew or had reason to know of his status as a fiduciary to the Funds.

47. As a result, Defendant Ronald Guy breached his fiduciary duty to the Funds and is personally liable to the Funds for such breach.

48. Upon information and belief, Pamela Guy, by virtue of her positions as resident agent, vice president, and/or principal exercising discretionary control over the assets of Ron Guy Masonry, has failed to pay over fringe benefit contributions due the Plaintiffs.

49. Upon information and belief, Pamela Guy has utilized the accrued and outstanding fringe benefit contributions and funds within her possession, custody and/or control for purposes other than payment to Plaintiffs.

50. As a result, Pamela Guy has breached her fiduciary duties to the Plaintiffs and is personally liable to the Funds for such breach.

51.     In accordance with 29 U.S.C. §§ 1145, 1104 and 1109, fiduciaries must make the plan whole for losses caused by a breach of fiduciary duty.

52.     The Funds have been damaged in the amount of $41,171.01.

**WHEREFORE,** Plaintiffs respectfully request that the Honorable Court grant the following relief:

   a. Order that Ron Guy Masonry submit its books and records to Plaintiffs for an updated audit through the present;

   b. Enter a judgment in the Plaintiffs' favor against Ron Guy Masonry, L.L.C., Ronald J. Guy, and Pamela J. Guy, jointly and severally, for an amount not less than $41,171.01, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due the Funds during the pendency of this action;

   c. Enter a judgment in the Plaintiffs' favor against Ron Guy Masonry, L.L.C., Ronald J. Guy, and Pamela J. Guy for unpaid fringe benefit contributions in an amount to be determined by an updated audit through the present, and for amounts owed on any job within the jurisdiction of the Funds, together with any liquidated damages thereon, any accumulated interest, actual attorney fees, court costs, audit, and other collection costs;

   d. That jurisdiction of this matter be retained, pending compliance with the Court's orders; and

   e. Any such other, further or different relief as may be just and equitable under the circumstances.

## COUNT IV
## STATE AND COMMON LAW CONVERSION

53.     Plaintiffs hereby reallege and incorporate by reference each allegation contained in Paragraphs 1 through 52 of the Complaint as fully set forth herein.

54.     Defendants Pamela Guy and Ronald Guy did not have authority, legal or otherwise, from the Funds or Union to deduct monies from Ron Guy Masonry's Employees' paychecks without turning said monies over to the Funds and Union or to use said monies for any purpose other than to pay Employees' fringe benefits.

11

55. By virtue of Pamela and Ronald Guy's intentional conduct, the Funds and Union have not received fringe benefits contributions for Local 2 members, even though said monies have been deducted from the members' paychecks.

56. Through their intentional conduct of deducting monies for fringe benefits from Employees' paychecks and failing to forward those benefits monies to the Funds and Union, Pamela Guy and Ronald Guy took property belonging to the Funds and Union and have interfered with the Plaintiffs' lawful right to possess said monies.

57. Defendants knew or should have known that Plaintiffs did not give permission and/or authority to Defendants to utilize said monies for their own personal and/or business benefits and interests.

58. Thus, Defendants converted, stole, and/or misappropriated Plaintiffs' monies without Plaintiffs' authority, permission and/or without any lawful right to do so.

59. Because of Defendants' willful and/or deliberate actions to utilize and receive said monies for their own benefit and interests, Plaintiffs have suffered financial losses.

60. Defendants converted the assets of Plaintiffs for their own purposes by their assertion of dominance over same.

61. The acts of conversion of Defendants are wrongful and deprive Plaintiffs of their assets in violation of both statutory and common law in the State of Michigan.

62. Pursuant to applicable laws, as a direct and proximate result of the conversion committed as to the assets of Plaintiffs by Defendants, Plaintiffs are entitled to damages which include, but are not limited to, the trebling of these damages pursuant to, amongst other laws, MCL 600.2919a, as well as Plaintiffs being entitled to their actual loss of value of their assets, the

appreciation of the assets, the loss of the economic use of the monies to which the assets would be attracted, and any appreciation of the assets which were converted to other uses.

**WHEREFORE,** Plaintiffs respectfully request that the Honorable Court grant the following relief:

   a. Order that Ron Guy Masonry submit its books and records to Plaintiffs for an updated audit through the present;

   b. Enter a judgment in the Plaintiffs' favor against Ron Guy Masonry, L.L.C., Ronald J. Guy, and Pamela J. Guy, jointly and severally, for an amount not less than $41,171.01, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due the Funds during the pendency of this action;

   c. Trebling of said damages owed under the above audit, including further, compensatory, punitive and exemplary damages;

   d. Enter a judgment in the Plaintiffs' favor against Ron Guy Masonry, L.L.C., Ronald J. Guy, and Pamela J. Guy for unpaid fringe benefit contributions in an amount to be determined by an updated audit through the present, and for amounts owed on any job within the jurisdiction of the Funds, together with any liquidated damages thereon, any accumulated interest, actual attorney fees, court costs, audit, and other collection costs;

   e. That jurisdiction of this matter be retained, pending compliance with the Court's orders; and

   f. Any such other, further or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

NOVARA TESIJA, P.L.L.C.

By: */s/Kathryne A. Tracey*
    Kathryne A. Tracey (P79445)
    Attorneys for Plaintiffs
    2000 Town Center, Suite 2370
    Southfield, MI  48075-1314
    (248) 354-0380
    kat@novaratesija.com

Dated:   August 17, 2016